HARLAN Y. KIMURA  #3321
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii  96813
Telephone No. (808) 541-2521
Facsimile No. (808) 541-3545
E-mail:  hyk@aloha.net

Attorney for Defendant
JOSHUA KNEPPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. CR 05-00191-01 JMS |
| Plaintiff, | ) MEMORANDUM OF LAW |
| vs. | ) |
| JOSHUA KNEPPER, | ) |
| Defendant. | ) |

## MEMORANDUM OF LAW

I. FACTS.

On May 12, 2005 the Government obtained a 4-Count Indictment (hereinafter "Indictment") against Defendant JOSHUA KNEPPER (hereinafter "Knepper") charging him with: (1) being A Felon In Possession Of A Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a) (hereinafter "Firearm Count"); (2)

being a Felon In Possession Of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a) (hereinafter "Ammunition Count"); (3) Possession With Intent To Distribute Five Grams Or More of Methamphetamine in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B) (hereinafter "Meth Count"); and (4) Possession Of Marijuana in violation of 21 U.S.C. § 84 (hereinafter "Marijuana Count"). According to the Police Report prepared on January 23, 2005 by the Maui Police Department (hereinafter "Police Report"), however, it acknowledged that the Charter Arms .38 Special Handgun (hereinafter "Firearm") that formed the basis for the Firearm Count was loaded at the time it was confiscated with five (5) live rounds of Winchester .38spl+P ammunition mentioned in the Ammunition Count (hereinafter "Ammunition"). See Exhibit "A" attached hereto and made a part hereof. There is no dispute by the Government with this fact that the Firearm was loaded with the Ammunition.

II.   ARGUMENT.

The Ninth Circuit has long ago recognized that Congress did not intend when enacting 18 U.S.C. § 922(g)(1) for the simultaneous possession of a firearm and ammunition to constitute separate units of prosecution under that statutory provision. See United States v. Keen, 104 F.3d 111, 1119-20 (9th Cir. 1996). Again the Ninth Circuit acknowledged in United States v. Carrasco, 257

F.3d 1045, 1052 (9th Cir. 2001) that "the Government cannot charge a defendant with multiple counts under section 922(g)(1) for possession of multiple firearms/ammunition when such firearms/ammunition are discovered at the same time and place." Id. citing United States v. Keen, 104 F.3d at 1119-20. Therefore, an indictment charging the same offense in more than one count is "multiplicities" and thereby, defective. United States v. Harris, 959 F.2d 246, 250 (D.C. Cir.) (per curiam), cert. denied, 113 S.Ct. 362 (1992).

In this case it is undisputed that the Ammunition was in the Firearm as reflected in the Police Report. Exhibit "A". It is also undisputed that Firearm Count and Ammunition Count involve the Firearm that was loaded with the Ammunition. Therefore, it cannot not be disputed that the Government is charging Knepper in the Firearm Count and Ammunition Count with the Firearm and Ammunition that was confiscated by the Maui Police Department at the same time on January 23, 2005. Under these facts the law from the Ninth Circuit dictates that the Government either choose between the Firearm Count OR Ammunition Count AND DISMISS the other count not chosen.

III.  CONCLUSION.

Based upon all the foregoing, Knepper respectfully requests this Honorable Court compel the Government to elect between the Firearm Count and

Ammunition Count as to which it will bring to Trial against him. Thereafter, the Government should be ordered to DISMISS the count not chosen.

DATED at Honolulu, Hawaii, FEB 13 2006

HARLAN Y. KIMURA
Attorney for Defendant
JOSHUA KNEPPER

4