# ORIGINAL

HARLAN Y. KIMURA  #3321
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii  96813
Telephone No. (808) 521-4134
Facsimile No. (808) 521-0361
E-mail: hyk@aloha.net

Attorney for Defendant
JOSHUA KNEPPER

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 4 2006

at 1 o'clock and 1 min. M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CR. NO. CR 05-00191-01 JMS |
| | ) |
| Plaintiff, | ) DEFENDANT'S REPLY |
| | ) MEMORANDUM OF LAW IN |
| | ) SUPPORT OF MOTION TO |
| vs. | ) SUPPRESS EVIDENCE DUE |
| | ) TO DEFECTIVE AFFIDAVIT |
| JOSHUA KNEPPER, | ) FOR SEARCH WARRANT |
| | ) FILED APRIL 14, 2006; |
| Defendant. | ) CERTIFICATE OF SERVICE |
| | ) |
| | ) Date:    April 24, 2006 |
| | ) Time:    9:00 a.m. |
| | ) Judge :  J. Michael Seabright |
| | ) |
| | ) |
| _____ | ) |

## DEFENDANT'S REPLY MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE DUE TO
## DEFECTIVE AFFIDAVIT FOR SEARCH WARRANT FILED APRIL 14, 2006

COMES NOW Defendant JOSHUA KNEPPER (hereinafter "Knepper") by and through his attorney, HARLAN Y. KIMURA, and hereby submits this Reply Memorandum Of Law in response to the Government's Memorandum In Opposition To Motion To Suppress Evidence Due To Defective Affidavit For Search Warrant filed herein on April 21, 2006 (hereinafter "Government's Memo").

I.    ARGUMENT.

      A.    A COMMON SENSE READING OF THE AFFIDAVIT FOR SEARCH WARRANT DOES NOT REQUIRE THE REVIEWING COURT TO READ INTO IT WHAT HANDLER WONG INTENDED, AS COMPARED TO WHAT HE STATED.

The Government argues that a "common sense" reading of the affidavit clearly indicates that "Driem" had been trained and certified to detect controlled substances." Government's Memo at 9. Except for the time period of training, in effect the Government is requesting the Court to replace the reference to "NICKY" with "DRIEM" in paragraph 18. Although that may have been what Handler Wong "intended", it was not what Handler Wong "stated". Secondly, to adopt the Government's strained reading of the Affidavit For Search Warrant would create a dangerous precedence. It would allow the reviewing officer to "assume" what a requesting officer "intended" instead of what that officer

"stated". In that event, there would be no "bright line" test to determine at what point of a "common sense" reading of the defective affidavit for search warrant would it become unconstitutional. One would not need a vivid imagination to contemplate the multitude of law enforcement abuses such a rule would engender.

Secondly, the Government refers to numerous cases from the other Circuits for the proposition that "a dog's and handler's reliability can be established by the warrant affidavit's representation that the canine and/or handler have been so trained and certified." Government's Memo at 11. The Government then boldly asserts a "bare bones" affidavit is all that is required to pass constitutional must with the Ninth Circuit. Id. at 14-15. In support of this proposition, the Government directs the Court to United States v. Spetz, 721 F.2d 1457, 1464, (9th Cir. 1982), reversed on other grounds, United States v. Bagley, 765 F.2d 836 (9th Cir.) superseded by 772 F.2d 482 (1985), cert. denied, 475 U.S. 1023 (1986) (hereinafter Spetz Case"). However, the Spetz Case does not stand for that rule of law.

In the Spetz Case there were numerous misstatements in the warrant affidavit concerning the reliability of the two (2) dogs that alerted government officials to the container holding the contraband. 721 F.2d at 1464. However, the error in numerical values of the reliability of the more experienced dog "was unimportant because the difference would not have affected the magistrate's

judgment of the dog's reliability." Id.  The error in the record of the reliability of the second (2nd) dog was also immaterial because the alert of that dog was merely "evidence corroborating the independent alert of the dog with the more reliable record." Id.

The important factor to note in the Spetz Case is that the Ninth Circuit accepted the reliability of the dog because the warrant affidavit contained sufficient numerical information buttressed by the confirming alert of the second (2nd) dog.  Id.  The Spetz Case does not stand for the proposition the law of the Ninth Circuit is that a warrant affidavit would be constitutionally acceptable even if it is "based upon a single dog sniff listed within an affidavit, in which no training by either the handler or the dog, no certifications of either the handler of (sic) the dog, and no manner of dog sniff was discussed."  Government's Memo at 14015.  It was the reliability record of the first (1st) dog, and confirmation by the second (2nd) dog, that permitted the Ninth Circuit to find the Spetz Case warrant affidavit constitutionally acceptable without the need to state the qualifications and certifications of the handler and dog therein.  Id.

In this case, the Affidavit is completely void of "Driem's" reliability record.  Government's Exhibit "1" Admitted Into Evidence At The April 10, 2006 Proceedings (Hereinafter "Exhibit "1").  Similarly and as mentioned in Knepper's Motion To Suppress Evidence Due To Defective Affidavit For Search Warrant

filed herein on April 14, 2006 (hereinafter "Motion To Suppress II"), there is no mention that "Driem" was trained and certified as a "narcotics" detection dog. Motion To Suppress II at 3-6. For these reasons the Affidavit is constitutionally defective and therefore, the search of the Backpack and contents recovered must be suppressed.

B.    THERE IS NO PROBABLE CAUSE WITHOUT THE ALERT OF KNEPPER'S BACKPACK.

The Government next argues that there is Probable Cause even without the alert by "Driem". Government's Memo at 8. Should the Court reconsider the effect of footnote 6 in its Order Denying Defendant's Motion To Suppress filed herein on October 4, 2005 (hereinafter "Suppression Order I") that Knepper's Backpack was **"seized"** when Sgt. Poepoe "took" it from his bedroom, all the Police Reports attached to the Search Warrant may be relied upon in determining whether the Government's assertion is correct. Exhibit "1". Knepper submits that it is not.

First, no evidence was found in the Cottage to verify Souza's allegations that Knepper was involved in illegal drug activity. Sgt. Poepoe reported that after a complete search of the Cottage there were no drugs. Exhibit "A". Additionally, neither Sgt. Poepoe, Officer Wikoli, nor Officer Won, reported that Knepper appeared under the influence, had an odor

emitting from him associated with marijuana or other contraband, or possessed any illegal drugs or paraphernalia. In fact, Sgt. Poepoe reported when she first detained Knepper that it was "without incident." Exhibit "A" (knepper 000000034).

Secondly, the inconsistent answers given by Knepper to Officer Won when questioned whether the Backpack belonged to him only creates or confirms the Reasonable Suspicion MPD had warranting its Detention thereof to conduct the dog sniff. It did not establish Probable Cause to search the Backpack. Therefore, the Search Warrant cannot stand without the alert by "Driem."

      C.    THE GOOD FAITH EXCEPTION DOES NOT APPLY BECAUSE THE REQUESTING OFFICER WAS ALSO THE EXECUTING OFFICER WHICH THE <u>LEON</u> <u>CASE CAUTIONED AGAINST.</u>

The Government finally argues that even if the Affidavit was defective, the good faith exception developed in <u>United States v. Leon</u>, 468 U.S. 897 (1984) (hereinafter "<u>Leon Case</u> ") will save the evidence in the Backpack from being suppressed. Government's Memo at 17-18. However, in this case the requesting officer (i.e. Handler Wong) was also the executing officer on the Search Warrant. Application of the good faith exception in that situation would undermine the policy considerations for which it was developed.

In the <u>Leon Case</u>, the Supreme Court developed the "good faith" exception so as not to penalize "the officer for the magistrate's error, rather than his own, . . . Fourth Amendment violations." <u>Id</u>. at 921 [footnote omitted]. Under this exception, "the officer's reliance on the magistrate's probable-cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable." <u>Id</u>. at 922 [citations omitted]. However, "[i]t is also necessary to consider the objective reasonableness, not only of the officers who eventually executed the warrant, but also the officers who originally obtained it or who provided the information material to the probable –cause determination." <u>Id</u>. at 922, n. 24.

In this case, Handler Wong conducted the dog sniff which formed the basis for the Affidavit, drafted the Affidavit, and presented it to Judge Cooper. Therefore, Handler Wong knew that it was defective when he failed to include the facts necessary for a probable cause determination. Handler Wong also executed the Search Warrant on the Backpack. As a result, application of the good faith exception in that situation would encourage law enforcement abuse, rather than deter it, as is the purpose of the Exclusionary Rule. See generally <u>United States v. Michaelian</u>, 803 F.2d 1042, 1046 (9th Cir. 1986) ["The 'good faith' exception does not extend to situations in which the officer obtains a warrant based on a

'bare bones' affidavit and then relies on good faith execution by innocent colleagues in order to sustain the warrant."].

II.    CONCLUSION.

Based upon all the foregoing and arguments previously raised by Knepper in his Motion To Suppress II, Knepper respectfully requests this Honorable Court to suppress all the evidence found in his Backpack that was seized in this case because the Affidavit For Search Warrant was constitutionally defective, no Probable Cause would be found without the alert from "Driem", and the good faith exception should not apply because Handler Wong was both the requesting officer and executing officer of the Search Warrant.

DATED at Honolulu, Hawaii, _____ MAY – 4 2006 _____.


                                    HARLAN Y. KIMURA
                                    Attorney for Defendant
                                    JOSHUA KNEPPER

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly

served upon the following parties listed below, in the manner described thereto, at

their last-known addresses, on _____MAY - 4 2006_____.

By U.S. Mail    By Hand Delivery

EDWARD H. KUBO, JR., ESQ.                    X
United States Attorney
LORETTA SHEEHAN, ESQ.
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED at Honolulu, Hawaii, _____MAY - 4 2006_____.

_____
HARLAN Y. KIMURA
Attorney for Defendant
JOSHUA KNEPPER