ORIGINAL

HARLAN Y. KIMURA  #3321
Central Pacific Plaza
220 South King Street, Suite 1660
Honolulu, Hawaii  96813
Telephone No. (808) 521-4134
Facsimile No. (808) 521-0361
E-mail:  hyk@aloha.net

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 0 4 2006

at _____ o'clock and ____ min ___M
SUE BEITIA, CLERK

Attorney for Defendant
JOSHUA KNEPPER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>JOSHUA KNEPPER,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CR. NO. CR 05-00191-01 JMS<br><br>DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE IN BACKPACK DUE TO LACK OF PROBABLE CAUSE, OR ALTERNATIVELY, DELAY IN CONDUCTING CANINE SEARCH FILED APRIL 14, 2006; CERTIFICATE OF SERVICE<br><br>Date:       April 24, 2006<br>Time:      9:00 a.m.<br>Judge :    J. Michael Seabright |

DEFENDANT'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE IN BACKPACK
DUE TO LACK OF PROBABLE CAUSE,
OR ALTERNATIVELY,
DELAY IN CONDUCTING CANINE SEARCH FILED APRIL 14, 2006

COMES NOW Defendant JOSHUA KNEPPER (hereinafter "Knepper") by and through his attorney, HARLAN Y. KIMURA, and hereby submits this Reply Memorandum Of Law in response to the Government's Memorandum In Opposition To Motion To Suppress Evidence In Backpack Due To Lack Of Probable Cause, Or Alternatively, Unreasonable Delay In Conducting Due To Illegal Arrest filed herein on April 20, 2006 (hereinafter "Government's Memo").

I.     ARGUMENT.

     A.     BASED UPON DEFENDANT'S MOTION TO SUPPRESS EVIDENCE FILED AUGUST 29, 2005 AND THE COURT'S ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS FILED OCTOBER 4, 2005, KNEPPER'S BACKPACK WAS SEIZED WHEN SGT. POEPOE "TOOK" IT FROM HIS BEDROOM WHILE SEARCHING THE COTTAGE.

Knepper filed his Motion To Suppress Evidence herein on August 29, 2005 (hereinafter "Suppression Motion I") requesting the Court suppress as evidence from trial his "[b]ackpack and its contents, **seized** from search of defendant's bedroom." Suppression Motion I at 1 [emphasis added]. At the hearing on Suppression Motion I held on September 26, 2006, the Court requested a clarification from Knepper's former counsel as to the "scope" of the same. Transcript Of Proceedings Before The Honorable J. Michael Seabright

held on September 26, 2005 (hereinafter "Tr. (9/26/05)") at 74, ln. 4-15. In response, Knepper's former counsel stated that "A, the police should not have gone into the unit and, B, if Souza had any kind of authority to consent, it did not extend to the bedroom." Id. at 74, ln. 17-19. Knepper was not contesting whether MPD seized the Backpack incident to arrest since the Court also understood the Government was not taking that position. Id. at 75, ln. 1-12.

The Court denied Knepper's Suppression Motion I on grounds that he "has no reasonable expectation of privacy in the room within the cottage" where his Backpack was found. Order Denying Defendant's Motion To Suppress filed October 4, 2005 (hereinafter "Suppression Order I") at 6. Alternatively, "even if Knepper did have a reasonable expectation of privacy in the cottage bedroom, . . . Sgt. Poepoe was justified in relying on Souza's apparent authority to consent to a search of that room." Id. In other words, the search was constitutional and "[a]ny challenge to conduct after the backpack was found and **seized** in Knepper's room would have to be brought in a subsequent motion." Id. at n. 6 [emphasis added].

Based upon the above, Knepper's position is that there has already been a ruling that the Backpack was "seized" when Sgt. Poepoe took it from Knepper's bedroom. See generally Ingle v. Circuit City, 408 F.3d 592, 594 (9th Cir. 2005) [Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court, or a higher

3

court in the identical case."].  Consequently, only the facts and circumstances that

occurred between 9:13 a.m. and 9:34 a.m. on January 23, 2005 may be examined

to determine whether Sgt. Poepoe was justified in seizing Knepper's Backpack

from his bedroom.  Alternatively, even if MPD now asserts that its seizure of the

Backpack was incident to Knepper's arrest for Criminal Trespass In The First

Degree, probable cause is still required to search it.  See generally Illinois v.

Caballes, 543 U.S. 405, 416 (2005), n. 6 citing New York v. Belton, 453 U.S.

454, 454 (1981), n. 4 [Even a search incident to arrest in a vehicle does not itself

permit a search of the trunk].

        B.      ALTERNATIVELY, SGT. POEPOE'S MOVEMENT
                  OF KNEPPER'S BACKPACK FROM HIS BEDROOM
                  AND SUBSEQUENT DOG SNIFF CONSTITUTES A
                  "SEIZURE" FOR FOURTH AMENDMENT
                  PURPOSES.

Assuming the Court reconsiders the effect of footnote 6 in its

Suppression Order I and now finds Sgt. Poepoe's "taking" of Knepper's Backpack

from his bedroom does not constitute a seizure, at least one (1) state supreme court

has held that such movement constitutes a seizure when taken for the purposes of

conducting a dog sniff.  See State v. Ressler, 701 N.W. 2d 915 (N.D. 2005)

(hereinafter "Ressler Case").

4

In the Ressler Case the sender of a package by next-day-air service appeared nervous and suspicious to the clerk of that delivery service. Id. at 917. Consequently, that clerk opened the package and found currency hidden between the cut pages of the magazines situated therein. Id. After the clerk called the authorities, the investigating officer wanted to conduct a canine sniff of that package. Id. However, the delivery store was too small to conduct a valid canine sniff. Id. Therefore, the investigating officer transported the package to a nearby law enforcement center, and the canine alerted on it. Id.

At the suppression hearing the sender argued the investigating officer needed probable cause to support his actions because the latter exercised dominion and control over the package and its contents when he removed the package to the law enforcement center. Id. at 918. In turn, the government responded that "initial detention and movement of [the] package need only be supported by reasonable suspicion, not probable cause." Id. Relying on the Eight Circuit Case of United States v. Morones, 355 F.3d 1108 (8th Cir. 2004), the North Dakota Supreme Court held that such action constituted a "seizure" because the investigating officer exercised "meaningful interference" with the sender's possessory rights when he removed the package from the delivery store for the purpose of conducting a canine sniff. Id. This holding, recognized the North

Dakota Supreme Court, "seeks to recognize and validate the minimal, yet ever-present, possessory rights an individual maintains in shipped articles." Id. at 920.

In this case, the Government argues that there was "no meaningful interference with [Knepper's] possessory interest in the knapsack." Government's Memo at 6. Knepper submits that if MPD conducted the canine sniff at the Cottage where Knepper's Backpack was found the Government would be correct in its argument that there was "no meaningful interference" in his possessory interest therein. However, in this case the facts are similar to the Ressler Case because: (1) Sgt. Poepoe removed Knepper's Backpack from his bedroom; (2) Sgt. Poepoe then took it to Officer Won who was outside the Cottage guarding Knepper; (3) Officer Won transported the Backpack, along with Knepper, to the Wailuku Police Station; and (4) Officer Wong subsequently brought the Backpack to up-country Makawao for the purpose of Handler Wong to conduct a canine sniff of it. In that situation, there was definitely a "meaningful interference" with Knepper's possessory interest in his Backpack warranting Probable Cause before it was "seized" by Sgt. Poepoe from Knepper's bedroom.

Based upon the above, Sgt. Poepoe did "seize" Knepper's Backpack from his bedroom when she removed it for the ultimate purpose of conducting a canine sniff of it. Therefore, Sgt. Poepoe was required to have Probable Cause no

later than 9:34 a.m. on January 23, 2005.  As explained hereinafter, she did not

and therefore, the contents of Knepper's Backpack must be suppressed.

> C.    ONLY THE FACTS AND CIRCUMSTANCES
> OBSERVED BY SGT. POEPOE BETWEEN THE
> TIME OF HER ARRIVAL AT 9:13 A.M. AND
> SEIZURE OF KNEPPER'S BACKPACK BEFORE
> 9:34 A.M. MAY BE RELIED UPON TO ESTABLISH
> PROBABLE CAUSE.

As stated above, there was a seizure of Knepper's Backpack when

Sgt. Poepoe "took" it from his bedroom while searching the Cottage.  At that

time, Sgt. Poepoe only had the following facts:

1)    Souza had called 911 to complain of trespass;

2)    Souza had met with her and had told her that the
defendant was trespassing as a squatter;

3)    someone inside the residence had quickly shut and
locked the front door as she had approached the residence;

4)    the defendant had attempted to escape by removing and
breaking the glass louvers on a side window, and by wriggling out of a side
window;

5)    Souza had keys to the residence;

6)    the condition of the home corroborated the information
that Souza had provided, i.e. from all appearances, the defendant did not
live there;

.    .    .

Governments Memorandum In Opposition To Motion To Suppress Evidence Due
To Illegal Arrest filed February 27, 2006 (hereinafter "USA Memo I")

at 4.

In the Government's Memorandum In Opposition To Motion to

Suppress Evidence In Backpack, Or Alternatively, Unreasonable Delay In

Conducting Canine Search filed herein April 20, 2006 (hereinafter "USA Memo

II") one (1) additional fact is added to the above list of observations; Souza had

told Sgt. Poepoe that Knepper was "currently inside the residence, doing drugs."

USA Memo II at 2.  However, the Government may have inadvertently omitted the

fact that Sgt. Poepoe knew by the time she seized Knepper's Backpack no drugs

were found after searching the residence.  Defendant's Exhibit "A" Admitted Into

Evidence At The April 10, 2006 Proceedings (hereinafter "Exhibit "A") at knepper

000000035.

Based upon the above, when Sgt. Poepoe seized Knepper's Backpack

from his bedroom her investigation up to that point in time, at best, only

established Probable Cause that Knepper may have committed the offense of

Criminal Trespass In The First Degree.  Souza's statement that Knepper had been

engaged in illegal drug activity was not confirmed by Sgt. Poepoe's subsequent

search of the Cottage.  Therefore, Sgt. Poepoe's Reasonable Suspicion that

Knepper may have committed the offense of Promoting A Dangerous Drug could

not be verified.  The Court's previous finding that by the time Sgt. Poepoe initially

detained Knepper she had Probable Cause to arrest him for Promoting A

Dangerous Drug cannot transfer to the Backpack.  See generally <u>United States v.</u>
<u>Henderson</u>, 241 F.3d 638, 648 (9th Cir. 2001) ["[T]here may be probable cause to
search without probable cause to arrest, and vice-versa."].  In other words,
Probable Cause to arrest Knepper for Promoting A Dangerous Drug does not
amount to Probable Cause to **"seize"** his Backpack.

Alternatively, even if Sgt. Poepoe had Probable Cause to "seize"
Knepper's Backpack by the time she handcuffed him, that Probable Cause
dissipated upon her subsequent search of the Cottage.  See generally <u>United States</u>
<u>v. Ortiz-Hernandez</u>, 427 F.3d 567, 574, (9th Cir. 2005).  Finally, the fact that
Knepper's Backpack was just below the window from which Knepper exited the
Cottage may have added to Sgt. Poepoe's Reasonable Suspicion that he committed
the offense of Promoting A Dangerous Drug, but not enough to establish Probable
Cause it contained contraband or evidence of a crime.

II.     <u>CONCLUSION</u>.

Based upon all the foregoing and arguments previously raised by
Knepper in his Motion To Suppress Evidence In Backpack Due To Lack Of
Probable Cause, Or Alternatively, Unreasonable Delay In Conducting Canine
Search, he respectfully requests this Honorable Court to suppress all the evidence

found in his Backpack that was seized in this case because there was no Probable

Cause to seize it from Knepper's bedroom.

DATED at Honolulu, Hawaii, _____MAY - 4 2006_____.


HARLAN Y. KIMURA
Attorney for Defendant
JOSHUA KNEPPER

10

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was duly

served upon the following parties listed below, in the manner described thereto, at

their last-known addresses, on _____MAY – 4 2006_____.

                                        By U.S. Mail    By Hand Delivery

EDWARD H. KUBO, JR., ESQ.                               X
United States Attorney
LORETTA SHEEHAN, ESQ.
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii  96850

Attorneys for Plaintiff
UNITED STATES OF AMERICA

           DATED at Honolulu, Hawaii, ___MAY – 4 2006_____.


                                      _____
                                      HARLAN Y. KIMURA
                                      Attorney for Defendant
                                      JOSHUA KNEPPER