EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON #4532
Chief, Major Crimes

LORETTA SHEEHAN #4160
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850
Facsimile: 541-2958
E-mail: loretta.sheehan@usdoj.gov

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 31 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-0191 JMS |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| vs. | ) | Date: May 31, 2006 |
| | ) | Time: 9:30 a.m. |
| JOSHUA KNEPPER, | ) | Judge: J. Michael Seabright |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the Defendant, JOSHUA KNEPPER, and his attorney, Harlan Kimura, Esq., have agreed upon the following:

1.   Defendant acknowledges that he has been charged in the First Superseding Indictment with violating Title 18, United States Code, Sections 922(g)(1), 924(a), and Title 21, United States Code, Sections 841(a), 841(b)(1)(B) and 844.

2. Defendant has read the charges against him contained in the First Superseding Indictment, and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Pursuant to Fed. R. Crim. P. Rule 11(a)(2), Defendant will enter conditional voluntary pleas of guilty to Counts 1, 2 and 3 of the First Superseding Indictment charging him with 1) Felon in Possession of a Firearm; 2) Possession with Intent to Distribute Five Grams or More of Methamphetamine, Its Salts, Isomers, and Salts of Isomers, and 3) Possession of Marijuana. Defendant reserves the right to appeal the denial of the Motion to Suppress Evidence filed August 29, 2005 and denied on October 4, 2005, the denial of the Motion to Suppress Evidence Due To Illegal Arrest filed February 13, 2006 and denied April 10, 2006, the denial of the Motion to Suppress Evidence In Backpack Due to Lack of Probable Cause, or Alternatively, Unreasonable Delay in Conducting Canine Search filed April 14, 2006 and denied May 8, 2006, and the Motion to Suppress Evidence Due to Defective Affidavit for Search Warrant, filed April 14, 2006 and denied May 8, 2006.

5. If the Defendant prevails on direct appeal in the United States Court of Appeals for the Ninth Circuit or upon a direct review of any of these pretrial motions in the Supreme

Court of the United States, he shall be entitled to withdraw his plea of guilty. These conditions do not apply to collateral attacks on the Court's judgement, such as those filed pursuant to Title 28, United States Code, Section 2255, or appellate proceedings generated by collateral attacks.

      6. Defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

      7. Defendant understands that the penalties for the offenses to which he is pleading guilty include:

      a. not more than 10 years imprisonment and a fine of up to $250,000, plus a term of supervised release of not more than three years as to Count 1,

      b. not more than 40 years imprisonment, a mandatory minimum term of imprisonment of five years, a fine of up to $2,000,000, plus a term of supervised release of at least four years and up to life as to Count 2, and

      c. a term of imprisonment of not more than 1 year imprisonment, and a mandatory fine of $1000.00 as to Count 3.

      d. At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b)

for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 USC §862(d).

In addition, the Court must impose a $100 special assessment as to Counts 1 and 2 and a $25 special assessment as to Count 3. Defendant agrees to pay the special assessment for each count to which he is pleading guilty to the District Court's Clerk's Office, to be credited to said special assessments, before the commencement of any portion of sentencing. Defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

a. On January 23, 2005, the defendant was in a home located at 3042-A Liholani Street in Maui. The defendant had with him his black and gray backpack. Shortly after 9 a.m.,

the defendant broke a window and crawled out of the window frame, leaving his black and gray backpack behind him in a bedroom of 3042-A Liholani Street.

   b. A search warrant was executed on the Defendant's black and gray backpack. The defendant's backpack contained seven (7) plastic packets containing methamphetamine, over 100 empty plastic packets, a scraper, a pipe, and a gram scale. The total net weight of the methamphetamine was 10.3 grams. This methamphetamine was tested at the Drug Enforcement Administration's Southwestern Laboratory, and it proved to be 92% purity, for a weight of 9.4 grams of methamphetamine, its salts, isomers, and salts of isomers. The defendant knew that he possessed this methamphetamine in his backpack; he possessed it because he intended to distribute it to other people.

   c. The defendant's backpack also contained two marijuana cigarettes, which weighed .52 grams gross. The defendant knew that he possessed this marijuana in his backpack; he possessed it because he intended to ingest it.

   d. The defendant's backpack also contained a Charter Arms .38 special revolver, bearing serial number 252974, loaded with five rounds of Winchester .38 SPL & P hollow point bullets. The defendant knew that he possessed this firearm.

   e. At the time of his possession of the Charter Arms .38 special revolver, bearing serial number 252974, the

defendant had been convicted of felony offenses in the State of Hawaii. On September 9, 1998, the defendant was convicted in the Circuit Court of the Second Circuit, State of Hawaii, of fifteen (15) counts of violations of Section 707-751, Hawaii Revised Statutes, in CR. NO. 98-0195, all felonies in the State of Hawaii.

    f. The Charter Arms .38 special revolver, bearing serial number 252974 was manufactured in the state of Connecticut, and thus traveled in interstate commerce before it was in the defendant's possession.

    9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charges to which the Defendant is pleading guilty adequately reflect the seriousness of the actual offense behavior and that accepting this Agreement will not undermine the statutory purposes of sentencing.

    10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of Defendant in connection with this matter:

      a. Factual stipulations: The parties stipulate to the facts as contained within paragraph 8.

      b. Offense level stipulations: None.

c.  The United States Attorney agrees that Defendant's agreement herein to enter into a guilty plea(s) constitutes notice of intent to plead guilty in a timely manner, so as to permit the government to avoid preparing for trial as to Defendant.  Accordingly, the United States Attorney anticipates moving in the Government's Sentencing Statement for a one-level reduction in sentencing offense level pursuant to Guideline § 3E1.1(b)(2), if defendant is otherwise eligible. The Defendant understands that notwithstanding its present intentions, and still within the Agreement, the prosecution reserves the rights (1) to argue to the contrary in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the prosecution's intentions or the Court requests that evidence be presented on those issues.

11.  The parties agree that notwithstanding the parties' Agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing.

12.  The Defendant is aware that he has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  Defendant knowingly waives the right to appeal,

except as indicated in subparagraphs "b" and "c" below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

    a. The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

    b. If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the Defendant, the Defendant retains the right to appeal the portion of his sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of his sentence in a collateral attack.

    c. The Defendant also retains the right to appeal the matters noted in paragraph 4: the denial of the Motion to Suppress Evidence filed August 29, 2005 and denied on October 4, 2005, the denial of the Motion to Suppress Evidence Due To

Illegal Arrest filed February 13, 2006 and denied April 10, 2006, the denial of the Motion to Suppress Evidence In Backpack Due to Lack of Probable Cause, or Alternatively, Unreasonable Delay in Conducting Canine Search filed April 14, 2006 and denied May 8, 2006, and the Motion to Suppress Evidence Due to Defective Affidavit for Search Warrant, filed April 14, 2006 and denied May 8, 2006.

    d. The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

13. The Defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The Defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

14. The Defendant understands that this Agreement will not be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary. The Defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior

and accepting the agreement will not undermine the statutory purposes of sentencing.

    15. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

    a. If Defendant persisted in a plea of not guilty to the charges against him he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the Defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the Defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt.

    c. If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the Defendant's guilt beyond a reasonable doubt.

    d. At a trial, whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against the Defendant. Defendant would be able to confront those prosecution witnesses and his attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on his own behalf. If the witnesses for the Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    e. At a trial, the Defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify.

    f. At a trial, Defendant would have a right to have the jury determine beyond a reasonable doubt the quantity and weight of the controlled substances charged in the indictment.

  16. Defendant understands that by pleading guilty, he is waiving all of the rights set forth in the preceding paragraph. Defendant's attorney has explained those rights to him, and the consequences of the waiver of those rights.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce Defendant to plead guilty.

18. Should the Court refuse to accept this Agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any stipulation between the parties does not constitute a refusal to accept this Agreement since the Court is expressly not bound by stipulations between the parties.

19. Defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of Defendant's conduct regarding the charges against him, related matters, and any matters in

aggravation or mitigation relevant to the issues involved in sentencing.

DATED: Honolulu, Hawaii, _____.

AGREED:

| | |
|---|---|
| *[signature]* | *[signature: Joshua W. Knepper]* |
| EDWARD H. KUBO, JR.<br>United States Attorney<br>District of Hawaii | JOSHUA KNEPPER<br>Defendant |
| *[signature]*<br>RONALD G. JOHNSON<br>Chief, Major Crimes | *[signature]*<br>HARLAN KIMURA, Esq.<br>Attorney for Defendant |
| *[signature: Loretta Sheehan]*<br>LORETTA SHEEHAN<br>Assistant U.S. Attorney | |