IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00191 JMS |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANT'S "MOTION |
| vs. | ) | FOR RECONSIDERATION OF |
| | ) | REVOCATION; AND/OR MOTION |
| JOSHUA KNEPPER, | ) | FOR EARLY TERMINATION OF |
| | ) | SUPERVISED RELEASE; AND/OR |
| Defendant. | ) | REDUCTION OF SENTENCE |
| | ) | PURSUANT TO 18 U.S.C. |
| | ) | § 3582(c)(2) AND GUIDELINE |
| _____ | ) | AMENDMENT 782," DOC. NO. 162 |

**ORDER DENYING "DEFENDANT'S MOTION FOR RECONSIDERATION OF REVOCATION; AND/OR MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE; AND/OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND GUIDELINE AMENDMENT 782," DOC. NO. 162**

**I.   INTRODUCTION**

Before the court is Defendant Joshua Knepper's ("Defendant") "Motion for Reconsideration of Revocation; and/or Motion for Early Termination of Supervised Release; and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782," Doc. No. 162 ("Motion"). For the reasons discussed below, the Motion is DENIED.

## II. BACKGROUND

A.  **Plea and Sentence**

On May 31, 2006, pursuant to a Plea Agreement, Defendant pled guilty to the crimes of (1) being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 1); (2) possession with intent to distribute five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count 2); and possession of marijuana, in violation of 21 U.S.C. § 844 (Count 3).  Doc. Nos. 87, 88.  During an October 10, 2006 sentencing hearing, this court determined that Defendant had a total offense level of 25 and a criminal history category of III, resulting in a United States Sentencing Guidelines ("Sentencing Guidelines") range of 70 to 87 months.  Doc. No. 109, Sentencing Tr. at 6-7.

The court sentenced Defendant to a 70-month term of imprisonment for Counts 1 and 2, and a 12-month term of imprisonment for Count 3, all terms to be served concurrently.  Doc. No. 100.  The court further sentenced Defendant to a three-year term of supervised release for Count 1, a five-year term of supervised release for Count 2, and a one-year term of supervised release for Count 3, all terms to be served concurrently.  *Id*.

### B.     First Supervised Release Revocation

Defendant was released from prison and commenced his first term of supervised release on March 17, 2010.  On November 18, 2014, this court revoked Defendant's supervised release due to violations including failing to register as a sex offender, failing to notify his probation officer within 72 hours of being questioned by a law enforcement officer, and possession and use of methamphetamine.  Doc. No. 136.  The court sentenced Defendant to a 6-month term of imprisonment followed by a 54-month term of supervised release.  *Id.*

### C.     Second Supervised Release Revocation

Defendant commenced his second term of supervised release on May 15, 2015.  On August 31, 2015, this court again revoked Defendant's supervised release for violations including failing to notify the probation officer of a change in residence, failing to comply with drug testing, and failing to participate in substance abuse treatment.  Doc. No. 147.  The court sentenced Defendant to an 18-month term of imprisonment and a 36-month term of supervised release.  Doc. No. 147.  Defendant is currently serving this term of imprisonment.

Defendant filed the instant Motion on April 14, 2016.  Doc. No. 162.  The Government filed a Response on May 16, 2016, Doc. No. 164, and Defendant filed a Reply on May 31, 2016.  Doc. No. 165.  Pursuant to Local Rule 7.2(d), the

court finds this matter suitable for disposition without a hearing.

### III. **DISCUSSION**

Defendant seeks a "reduction in his sentence," urging the court to (1) reconsider revocation of his second term of supervised release, and (2) grant early termination of supervised release, based on equitable considerations arising from a hypothetical application of Amendment 782 to the Sentencing Guidelines.[1] Mot. at 1-2, 13-14, 27.

Defendant's requests are barred on both procedural and substantive grounds. The court addresses Defendant's arguments for reconsideration and early termination of supervised release in turn.

**A.   Reconsideration of the August 31, 2015 Revocation of Supervised Release**

Defendant seeks reconsideration of the court's August 31, 2015 revocation of his second term of supervised release, asking the court to "terminate his present sentence of 18 months, and order a six (6) month residential drug and substance abuse program to be successfully completed in lieu of completing the remainder of his present 18 month sentence." Mot. at 27.

---

[1] Amendment 782, which became effective November 1, 2014, generally revised the Drug Quantity Table in U.S.S.G. § 2D1.1 downward by two levels.

Although motions for reconsideration generally may be filed in criminal cases, *see United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000), "'there is simply no such thing as a motion to reconsider an otherwise final sentence.'" *United States v. James*, 2016 WL 537553, at *1 (3d Cir. Feb. 11, 2016) (quoting *United States v. Dotz*, 455 F.3d 644, 648 (6th Cir. 2006) (some quotation marks omitted)). Through 18 U.S.C. § 3582(c), "Congress 'abrogated the common-law practice' of motions for reconsideration 'in the sentencing context.'" *Id.* (quoting *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014)).

Under Section 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed except" in three circumstances, none of which applies to Defendant's current sentence. The first exception requires that a motion be filed by the Director of the Bureau of Prisons, *see* 18 U.S.C. § 3582(c)(1)(A), and because Defendant filed the instant Motion, this exception clearly does not apply. The second exception allows the modification of a term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. § 3582(c)(1)(B). Here, Defendant does not rely on another statute permitting modification of his sentence, and is barred from relying on Rule 35. *See* Fed. R. Crim. P. 35(a) (limiting relief

correcting clear error to motions filed within 14 days of sentencing); *see also* Fed. R. Crim. P. 35(b) (requiring a motion filed by the government for relief based on substantial assistance). Because this Motion was neither filed within 14 days of the August 31, 2015 sentencing, nor filed by the government, the second exception does not apply.

The third exception permits a sentence modification "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Amendment 782 lowered the Sentencing Guidelines range upon which Defendant's original 70-month sentence was based. Defendant, however, is seeking reconsideration of revocation of supervised release and therefore, a reduction of his 18-month sentence for supervised release violations. The relevant Sentencing Commission's policy statement applicable to § 3582(c)(2) expressly provides that "[o]nly a term of imprisonment imposed as part of the *original* sentence is authorized to be reduced under this section. *This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release*." U.S.S.G. § 1B1.10, Application Note 7(A) (emphasis added).

The Ninth Circuit has explained that the Sentencing Commission's commentary to U.S.S.G. § 1B1.10 "is a policy statement applicable to section 3582(c)(2)[.]" *United States v. Morales*, 590 F.3d 1049, 1051 (9th Cir. 2010). Because reduction of "a supervised release revocation sentence is inconsistent . . . with the Commission's applicable policy statements[,]" *id.* at 1052-53, the third exception under § 3582(c) does not apply.[2] This court therefore lacks jurisdiction to terminate Defendant's current 18-month sentence, release him from custody, or transfer him to a residential treatment facility in lieu of his sentence. *See id.* at 1053.

Accordingly, Reconsideration of the August 31, 2015 revocation of supervised release is DENIED.

///

///

---

[2] Whether Defendant seeks application of Amendment 782 to modify his *original* sentence is unclear. In his Motion, Defendant "recommend[s] that this Court retroactively apply Amendment 782 to [his] original sentence of 70 months." Mot. at 25. In an apparent contradiction, Defendant also contends that he "is not seeking to directly modify his original sentence." Reply at 2. Regardless, such a request would fail -- the Sentencing Guidelines expressly prohibit application of Amendment 782 to reduce a term of imprisonment already served. *See* U.S.S.G. § 1B1.10(b)(2)(C) ("[I]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served."). *See also United States v. Vaughn*, 806 F.3d 640, 643 (1st Cir. 2015) ("Vaughn is ineligible for relief under Amendment 782 because he has already served the entirety of his otherwise eligible sentence."). Defendant finished serving his original 70-month term of imprisonment on March 17, 2010. *See* Mot. at 3.

B.  **Early Termination of Supervised Release**

Defendant also seeks early termination of supervised release. Mot. at 27. Because Defendant is not currently serving a term of supervised release, however, the court lacks jurisdiction to provide such relief. In short, his motion is premature.

Early termination of supervised relief, pursuant to 18 U.S.C. § 3583(e)(1), may only be granted in limited circumstances:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--
>
> (1) terminate a term of supervised release and discharge the defendant released at any time *after the expiration of one year of supervised release*, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, *if it is satisfied that such action is warranted by the conduct of the defendant released* and the interest of justice[.]

18 U.S.C. § 3583(e) (emphasis added). Thus, at a minimum, to qualify for early termination, Defendant must have served at least one year of a current term of supervised release and be in substantial compliance with the terms of that supervised release. *See United States v. Seger*, 557 F. App'x 1, at *1 (1st Cir. 2014) ("[T]he appellant apparently satisfies the first two prongs of section 3583(e)(1)" having "served more than 12 months of his supervised release term

and . . . complied with the conditions of supervised release."); *see also United States v. Pixler*, 2015 WL 728163, at *1 (E.D. Tenn. Nov. 16, 2015) (noting that the relevant statute for a defendant "currently on supervised release" seeking early termination is § 3583(e)(1)).

To satisfy these requirements, Defendant contends that U.S.S.G. § 1B1.10, Application Note 7(B),[3] grants the court sufficient discretion to consider the sentence reduction Defendant would have received by application of Amendment 782, had he not already served his sentence, and fashion equitable relief in connection with a motion for early termination of supervised release. *See* Mot. at 15-17, 27; *see also* Reply at 4 (arguing that pursuant to § 1B1.10,

---

[3] Application Note 7(B) to U.S.S.G. § 1B1.10 provides:

> If the prohibition in [§ 1B1.10](b)(2)(C) relating to time already served precludes a reduction in the term of imprisonment to the extent the court determines otherwise would have been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1). However, the fact that a defendant may have served a longer term of imprisonment than the court determines would have been appropriate in view of the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

Application Note 7(B), Defendant is still "able to take advantage of Amendment 782 in connection with a motion for early termination of supervised release").

That is, pursuant to the court's inherent discretion and that authorized by Application Note 7(B), Defendant urges the court to (1) apply Amendment 782; (2) determine that Defendant would have completed serving a reduced sentence and the full term of supervised release prior to the first revocation of supervised release on November, 18, 2014, thereby avoiding the entire second term of supervised release; (3) rescind the August 31, 2015 revocation of supervised release, (4) order Defendant into a six-month residential drug and substance abuse program in lieu of his 18-month sentence, and (5) construe the time Defendant spent "incarcerated since August 2015, and his time in a court mandated residential treatment program, as fulfilling [§ 3583(e)(1)'s one-year requirement] to be eligible for an early termination of supervised release." Mot. at 27; *see also* Reply at 6-8 ("[C]onverting and transferring [Defendant's] present prison time as supervised release, it is highly probable that [Defendant] qualifies for early termination of supervised release pursuant to U.S.S.G. § 1B1.10 Application Note 7B."). Defendant is mistaken.

First, as set forth above, the court lacks jurisdiction to terminate or modify Defendant's 18-month sentence for supervised release violations. Second,

by its very terms, Application Note 7(B) allows the court to consider a hypothetical application of Amendment 782 only pursuant to a § 3583(e)(1) motion for early termination of supervised release.  *See* § 1B1.10, Application Note 7(B) ("[T]he court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release *under 18 U.S.C. § 3583(e)(1)*.") (emphasis added).  Application Note 7(B) merely expands the circumstances the court may consider when determining an otherwise appropriate § 3583(e)(1) motion -- Defendant must still meet § 3583(e)(1)'s required factors.  *See United States v. Guess*, 541 F. Supp. 2d 399, 404 (D. Me. 2008) (recognizing that the former Application Note 4(B), which is now Application Note 7(B), does not override § 3583(e)(1)'s required factors). Applying the same language in the current Application Note 7(B) in the similar context of the crack cocaine amendment, *Guess* addressed the issue of early termination of a term of supervised release that had not yet commenced:

> But Guess has not yet served [§ 3583(e)(1)'s] one-year supervised release requirement . . . .  Once she has, the Commission does not prohibit consideration of the fact that she served a longer term of imprisonment than the Commission currently deems appropriate for her crack cocaine crime (although it has made clear that that fact alone will not be sufficient to reduce her term of supervised release).

11

541 F. Supp. 2d 399 at 404.

       Based on the foregoing, the court lacks jurisdiction and/or discretion to construe time Defendant spent serving his current 18-month sentence as time spent on supervised release, and therefore Defendant fails to meet § 3583(e)(1)'s one-year requirement for eligibility for early termination of supervised release. Moreover, given Defendant's previous struggles while on supervised release, even if the one-year requirement was met, Defendant has not shown that early termination of supervised release is "warranted by the conduct of the defendant[.]" § 3583(e)(1).

## IV. CONCLUSION

       Based on the foregoing, Defendant's "Motion for Reconsideration of Revocation; and/or Motion for Early Termination of Supervised Release; and/or

///

///

///

///

///

///

///

Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782," Doc. No. 162, is DENIED.

    IT IS SO ORDERED.

    DATED: Honolulu, Hawaii, June 14, 2016.



    /s/ J. Michael Seabright
    J. Michael Seabright
    Chief United States District Judge

*United States v. Knepper*, Cr. No. 05-00191 JMS, Order Denying Defendant's "Motion For Reconsideration of Revocation; and/or Motion for Early Termination of Supervised Release; and/or Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 782," Doc. No. 162