IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOSHUA KNEPPER,<br><br>Defendant. | CR. NO. 05-00191 JMS<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE, ECF NO. 254 |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE, ECF NO. 254

### I. INTRODUCTION

Defendant Joshua Knepper ("Defendant") moves, pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), for compassionate release from FDC Honolulu based on pre-existing medical conditions and the ongoing COVID-19 pandemic. The court determines that Defendant has failed to show extraordinary and compelling reasons to warrant release, and, even if he had, the court would deny his Motion based on consideration of the applicable 18 U.S.C. § 3553(a) factors. Thus, for the following reasons, Defendant's Motion is DENIED.

///

///

## II. **BACKGROUND**

Defendant is a 42-year-old inmate incarcerated at FDC Honolulu with a projected release date of January 1, 2021. *See* https://www.bop.gov/inmateloc/ (last visited October 28, 2020).

On May 31, 2006, Defendant pled guilty pursuant to a plea agreement to three counts of a First Superseding Indictment: 1) felon in possession of a firearm; 2) possession with intent to distribute 5 grams or more of methamphetamine; and 3) possession of marijuana. *See* ECF Nos. 63, 87-88; *see also* Presentence Investigation Report ("PSR") ¶ 11, ECF No. 260 at PageID # 1167. On October 10, 2006, Defendant was sentenced to a total term of 70 months imprisonment, and a total term of five years of supervised release. ECF Nos. 97, 100.

Defendant has a long history of violating terms of supervised release. Defendant's first term of supervised release was revoked on November 18, 2014, based in part on failure to comply with Hawaii State sex offender registration requirements and the possession and use of methamphetamine. *See* ECF No. 238 at PageID # 1030. Defendant was sentenced to six months incarceration to be followed by 54 months of supervision. *Id.* On August 28, 2015, Defendant's second term of supervised release was revoked, based in part on missed drug tests,

failure to comply with substance abuse treatment, and failure to notify his probation officer of a change of residence. *Id*. at PageID # 1031. He was sentenced to 18 months incarceration to be followed by 36 months of supervision. *Id*. Defendant's third term of supervised release was revoked on October 5, 2018, based in part of his use of methamphetamine and a missed drug test. *Id*. He was sentenced to 5 months incarceration to be followed by 24 months of supervision. *Id*.

    Defendant's fourth term of supervision began on October 10, 2018. *Id*. On March 4, 2019, Defendant appeared before the court and admitted to four violations of the fourth term of supervised release: 1) failure to comply with substance abuse treatment; 2) failure to report to his probation officer; 3) failure to comply with the rules of a clean and sober residence; and 4) urine specimens that tested positive on multiple dates for 6-acetylmorphine. *Id*. at PageID ## 1031-32. The court held these violations in abeyance and permitted Defendant to enter the Sand Island Treatment Center, a residential drug treatment program. *Id*. at PageID # 1031.

    On April 21, 2020, two additional violations of supervised release were alleged—that Defendant failed to comply with the rules and regulations of the Sand Island Treatment Center and that he failed to comply with sex offender

treatment.  *Id*. at PageID ## 1032, 1036-37.  On June 12, 2020, Defendant admitted the two new violations and was sentenced to 18 months of incarceration with no supervised release to follow.  ECF No. 251, 252.  It is from this 18-month sentence that Defendant now seeks compassionate release.

Defendant submitted a request for compassionate release to FDC Honolulu's Warden on June 25, 2020, and apparently resubmitted the request on July 31, 2020.  *See* ECF No. 254-1 at Page ID # 1058; ECF No. 254-4.  It appears that the Warden has not responded to that request.  *See* ECF No. 254-1 at PageID # 1058; ECF No. 259 at PageID # 1152.

On October 8, 2020, Defendant filed the instant Motion seeking a reduction of his sentence to time served.  ECF No. 254.  The Government filed its response on October 23, 2020.  ECF No. 259.

The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

### III.  DISCUSSION

**A.   Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>   (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy statements. Here, both parties agree that Defendant has exhausted his administrative remedies. *See* ECF No. 254 at PageID # 1058; ECF No. 259 at PageID ## 1151-52.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if,

5

after "considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,"[1] the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's medical condition (either terminal or certain serious conditions that substantially diminish the ability of the defendant to provide self-care and from which the defendant is not expected to recover), deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion to the Bureau of Prisons ("BOP") Director to determine whether other extraordinary and compelling reasons exist. *See* Guideline § 1B1.13 cmt. n.1(A)-(D). In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons

---

[1] Not all of the § 3553(a) factors "are applicable" to a § 3582(a)(1)(C) motion filed by a defendant serving a sentence for a violation of supervised release. That is, when sentencing for violation of supervised release, a court considers a subset of the § 3553(a) factors—§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). 18 U.S.C. § 3583(e). In ruling on Defendant's Motion, the court thus considers only those § 3553(a) factors made applicable through § 3583(e). *See United States v. Okpala*, 2020 WL 1864889, at *1 (E.D.N.Y. Apr. 14, 2020); *United States v. Jackson*, 2020 WL 2735724, at *4 (W.D. Va. May 26, 2020).

exist granted by [Guideline § 1B1.13 cmt. n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release." *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020); *see also United States v. Brooker*, __F.3d__, 2020 WL 5739712, at *7 (2d Cir. Sept. 25, 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."). The court incorporates its *Hernandez* analysis here.

### B.  Extraordinary and Compelling Reasons Do Not Warrant Release

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release. *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020). Here, Defendant contends that he should be released from custody because: 1) he is at increased risk should he contract COVID-19 because he suffers from obesity,[2] asthma, and depression; and 2) he has a diminished ability to provide self-care. ECF No. 254-1 at PageID

---

[2] According to the government, Defendant's BMI as of October 9, 2020 was 45.1. ECF No. 259 at PageID # 1155 at n.2. Thus, Defendant is severely obese. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 28, 2020).

## 1059-69.

The court agrees that Defendant has underlying medical conditions that place him, or might place him, at an increased risk for severe illness from COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), individuals with "[o]besity (body mass index [BMI] 30 kg/m$^2$ or higher)" fall into a high-risk category, and individuals with moderate to severe asthma "might be at an increased risk." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 28, 2020). The court also recognizes that "[t]he more underlying medical conditions someone has, the greater their risk is for severe illness from COVID-19." *Id*. In short, Defendant's pre-existing medical conditions place him at an increased risk should he contract COVID-19.

On the other hand, at 42 years old, Defendant is not in a high-risk age group. As stated by the CDC:

> As you get older, your risk for severe illness from COVID-19 increases. For example, people in their 50s are at higher risk for severe illness than people in their 40s. Similarly, people in their 60s or 70s are, in general, at higher risk for severe illness than people in their 50s. The greatest risk for severe illness from COVID-19 is among those aged 85 or older.

8

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited October 28, 2020).

Next, FDC Honolulu[3] has a low COVID-19 infection rate. BOP reports that 190 inmates have been tested for COVID-19 at FDC Honolulu, and two tests have returned positive. *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited October 28, 2020). Further, BOP currently reports that "confirmed active cases" are limited to two inmates and one staff member. *Id.*

The court finds that based on the existing evidence, Defendant has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release. Although Defendant's medical conditions place him at a higher risk for complications from COVID-19, Defendant is only 42 years old and the number of COVID-19 cases at FDC Honolulu is low at the present time.

Further, the court finds that Defendant has failed to demonstrate that he is suffering from a serious physical or medical condition from which he is not expected to recover that substantially diminishes his ability to provide self-care within FDC Honolulu. In fact, Defendant provides no evidence that he is not receiving the necessary treatment for his obesity, asthma, or depression at

---

[3] BOP reports that FDC Honolulu presently houses 314 inmates. *See* bop.gov/locations/institutions/hon/ (last visited October 28, 2020).

FDC Honolulu. Instead, Defendant appears to argue that BOP's COVID-19 mitigation measures are "nothing less than punitive and cruel" while at the same time criticizing the inability of BOP to provide adequate safeguards. ECF No. 254-1 at PageID # 1064. Regardless, Defendant has utterly failed to present *evidence* that he is unable to provide self-care for serious medical conditions while at FDC Honolulu.

## C.     Applicable Section 3553(a) Factors

Even if Defendant had demonstrated that extraordinary and compelling reasons exist to justify compassionate release, the court would deny his Motion based on consideration of the applicable § 3553(a) factors.

As relevant to this case, the applicable § 3553(a) factors (again, the court only considers the § 3553(a) factors set forth in § 3583(e)) include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant;[4] and (2) the need for the sentence imposed "(B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational

---

[4] As part of the § 3553(a) analysis, the court considers Defendant's post-offense conduct, including his rehabilitation while in custody. *See Pepper v. United States*, 562 U.S. 476, 491 (2011).

training, medical care, or other correctional treatment in the most effective manner[.]"  18 U.S.C. §§ 3553(a), 3583(e).

Here, Defendant is serving a term of incarceration based on a revocation of his *fourth* term of supervised release.  He has been sanctioned consistently for his breach of trust, but nonetheless continued to violate his conditions of supervision.  *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).  Most recently, the Court held four violations in abeyance and permitted Defendant to enter the Sand Island Treatment Center, a residential drug treatment program.  It was only after he failed to comply with the program's rules (and thus was terminated from the program) and failed to comply with sex offender treatment that the court sentenced Defendant to an 18-month term of incarceration.  Given this history, and even though Defendant has only a short term remaining on his sentence, the court finds that Defendant has not shown extraordinary and compelling reasons to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).

///

///

///

///

///

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 254, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 28, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Knepper*, Cr. No. 05-00191 JMS, Order Denying Motion for Compassionate Release, ECF No. 254